

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

May 24, 1947

Hon. L. S. Johnson, Commissioner,
Department of Banking,
Austin, Texas

Opinion No. V-216

Re: The legality of a
State Bank Charter
amendment to change
its domicile from
one county to anoth-
er.

Dear Sir:

You request our opinion in the following letter:

"Article 4 Chapter III of the Texas Banking Code provides that the Articles of Association of a State Bank 'shall contain: 2. The city or town and the county of its domicile.'

"Article 12 Chapter III of the Code provides: 'Subject to the provisions of this Code, any State bank may amend its Articles of Association for any lawful purpose.' . . . 'provided, however, . . . no amendment changing the domicile of any state bank to another city or town shall be effective until approved by the State Banking Board in the manner provided for the approval of an original application for charter.'

"Since no specific provision is made under the above authority for a bank to move its domicile from within one county to within another county, we are hereby requesting your opinion as to whether a bank in amending its charter to change its domicile from one town in one county to a city in another county is so amending its

charter 'for a lawful purpose' pro-
vided it complies with that provis-
ion requiring it to submit the Amend-
ment to the State Banking Board for
approval."

Section 16 of Article XVI of the Constitu-
tion dealing with State banks contains the following:

"Such body corporate shall not
be authorized to engage in business
at more than one place which shall be
designated in its charter."

The "place" contemplated by this provision
means the town or city wherein the bank is to be estab-
lished and operated.

The language quoted by you - "provided how-
ever . . . no amendment changing the domicile of any
state bank to another city or town shall be effective
until approved by the State Banking Board in the manner
provided for the approval of an original application
for charter" - undoubtedly implies that the domicile of
any state bank may be changed to another city or town
by the process of charter amendment. Such amendment,
therefore, would be "for a lawful purpose" and there is
nothing in the Code to limit the permissible removal to
another place in the county of its original domicile.

You are therefore advised that any state
bank may amend its charter so as to move its domicile
from one county to a town or city in another county,
provided it complies with the requirements of the Bank-
ing Code with respect to submitting such amendment to
the State Board for approval, "in the manner provided
for the approval of an original application for charter."

## SUMMARY

A state bank may lawfully remove
its domicile from one county to another
town or city in another county upon
amending its charter properly, and sub-
mitting the same to the approval by the

State Banking Board in the same man-
ner provided for the approval of an
original application for charter.
Art. 12, Chap. III of the State Bank-
ing Code of Texas.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By  *Ocie Speer*
Ocie Speer
Assistant

OS:wb

APPROVED MAY 24, 1947

ATTORNEY GENERAL OF TEXAS